# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **IFC INTERCONSULT, AG,** | : | |
| | : | |
| *Plaintiff,* | : | |
| v. | : | Miscellaneous Action |
| | : | No. 2:04-MC-00107-MK |
| **SAFEGUARD INTERNATIONAL** | : | |
| **PARTNERS, LLC** | : | |
| | : | |
| *Defendant.* | : | |

### *ORDER*

Upon consideration of Respondent's Motion to Vacate for lack of subject matter jurisdiction, it is hereby ORDERED that the Motion is granted, and this court's Order dated September 7, 2004 is VACATED as entered without jurisdiction, and the case is dismissed.

ENTERED this _____ day of September, 2004.

_____

Marvin Katz, United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IFC INTERCONSULT, AG,                           :
                                                :
                    *Plaintiff,*                :
          v.                                    :     Miscellaneous Action
                                                :     No. 2:04-MC-00107-MK
SAFEGUARD INTERNATIONAL                         :
PARTNERS, LLC                                   :
                                                :
                    *Defendant.*                :

**PETITIONER'S MOTION TO STRIKE JUDGMENT FOR LACK OF SUBJECT**
**MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 60(B);**
**OR, IN THE ALTERNATIVE, MOTION TO STAY PENDING APPEAL**
**PURSUANT TO U.S.C. §12**

Defendant, Safeguard International Partners, LLC, moves the Court for an Order

vacating its September 7, 2004 order that granted plaintiff IFC Interconsult, AG's ("IFC's")

petition to confirm an arbitration award and that mistakenly entered judgment based upon the

plaintiff's misallegation of federal diversity jurisdiction. In the alternative, SIP moves for the

stay that it is entitled to under section 12 of the Federal Arbitration Act, but that it was deprived

of by the Court's precipitous grant of a judgment on the merits of IFC's petition to confirm

without permitting SIP to answer.

In support of its motion, SIP relies upon the accompanying memorandum of law.

Respectfully submitted,

SPECTOR GADON & ROSEN, P.C.

By: _____ PRR2326
        Paul R. Rosen, Esquire
        Bruce Bellingham, Esquire (BWB2407)
        1635 Market Street, 7th Floor
        Philadelphia, PA 19103
        (215) 241-8872
September 17, 2004                    Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IFC INTERCONSULT, AG,

                *Plaintiff,*

    v.

SAFEGUARD INTERNATIONAL
PARTNERS, LLC

            *Defendant.*

Miscellaneous Action
No. 2:04-MC-00107-MK

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE JUDGMENT FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 60(B); OR, IN THE ALTERNATIVE, MOTION TO STAY PENDING APPEAL PURSUANT TO 9 U.S.C. §12

Defendant, Safeguard International Partners, LLC ("SIP"), moves the Court for an Order vacating its September 7, 2004 order that granted plaintiff IFC Interconsult, AG's ("IFC's") petition to confirm an arbitration award and that mistakenly entered judgment based upon the plaintiff's misallegation of federal diversity jurisdiction. As a Limited Liability Company, SIP's citizenship is that if each of its shareholders, not that of its place of organization. IFC is an alien corporation and its sole owner and shareholder is an alien. At the time that it misalleged diversity jurisdiction in this Court, IFC was well-aware that a principal of SIP -- Dr. Heinz Schimmelbusch -- was both a shareholder of SIP and an alien of Austrian citizenship. Indeed, Dr. Schimmelbusch's ownership in SIP was forth in IFC's own arbitration exhibit, and Mr. Schnellmann testified to his Austrian citizenship. IFC either misalleged jurisdiction intentionally, or it was blind to the legal implications of facts that it knew. In the alternative, SIP moves for the stay that it is entitled to under section 12 of the Federal Arbitration Act, but

that it was deprived of by the Court's precipitous grant of IFC's petition to confirm the award on the merits without permitting SIP to answer or defend.

## I.   The Judgment Should Be Vacated For Lack of Subject Matter Jurisdiction

In its petition to this Court, IFC alleged both federal question and diversity jurisdiction: "The jurisdiction of this Court is based upon Section 9 of Title 9 and Section 1332 of Title 28 of the United States Code."    Both of those allegations of jurisdiction are defective.

### A.   Federal-Question Jurisdiction Is Absent.

Contrary to IFC's misallegation, Title 9, the Federal Arbitration Act ("FAA"), does not create federal subject-matter jurisdiction under the general federal-question statute, 28 U.S.C.A. § 1331. Federal courts have subject-matter jurisdiction over cases seeking to confirm arbitration awards only if the case satisfies diversity of citizenship or arises under some federal law. *Southland Corp. v. Keating,* 465 U.S. 1, 15 n. 9, ("While the Federal Arbitration Act creates federal substantive law requiring the parties to honor arbitration agreements, it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise"); *Moses H. Cone Memorial Hospital v. Mercury Const. Corp.*, 460 U.S. 1, 26 fn.32 (1983); *Morgan Stanley Dean Witter Reynolds, Inc. v. Gekas*, 309 F.Supp.2d 652 (M.D.Pa., 2004); *see generally,* Wright & Miller, 13B Fed. Prac. & Proc. Juris.2d § 569.

### B.   Diversity Jurisdiction Is Absent.

IFC alleged diversity jurisdiction because it is "a corporation duly organized and existing under the laws of Switzerland, with its principal place of business located in Steinen, Switzerland" while SIP is "a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Wayne, Pennsylvania." It is, *in every case*, improper to plead the diverse citizenship of a limited liability corporation

2

("LLC") by reference to the place of organization. *Trowbridge v. Dimitri's 50's Diner, LLC,* 208 F. Supp. 2d 908, 910 (N.D. Ill. 2002) ("it has been clear for more than four years that the place of organization and principal place of business of a limited liability company are irrelevant.")

An LLC, like a partnership or other unincorporated associations, takes its citizenship from that of each of its shareholders or members, never from its place of organization. *Kalian at Poconos, LLC v. Saw Creek Estates Community Ass'n, Inc.,* 275 F.Supp.2d 578, (M.D.Pa., 2003) ("A limited liability company is an unincorporated association that is treated as a limited partnership for purposes of diversity jurisdiction."); see *Pippett v. Waterford Dev., LLC,* 166 F.Supp.2d 233, 236 (E.D.Pa.2001); *Kirkland v. SSL Americas, Inc.,* 263 F.Supp.2d 1326, 1333 (M.D.Ala.2003)(citing cases). The citizenship of a limited partnership "is deemed to be that of the persons composing such association." *Pippett,* 166 F.Supp.2d at 236 (quoting *Trent Realty Assocs. v. First Fed. Savings & Loan Ass'n,* 657 F.2d 29, 31-32 (3d Cir.1981)); *see also Carden v. Arkoma Assocs.,* 494 U.S. 185, 187-92 (1990) (only corporations, and not other business entities such as limited partnerships, are considered citizens of the state which created it).

IFC admits that it is a Swiss corporation. A corporation created by a foreign sovereign is a foreign citizen.  18 Fletcher Cyclopedia of Private Corp. § 8662.  For purposes of finding diversity jurisdiction, however, all aliens are treated as the citizens of the same jurisdiction. *K & H Business Consultants Ltd. v. Cheltonian, Ltd.,* 567 F.Supp. 420, 421 fn.1 (D.N.J., 1983)  ("all aliens, whatever their nationality, are deemed to be citizens of the same jurisdiction."); *Dadzie v. Leslie,* 550 F.Supp. 77, 79 (E.D.Pa.1982)  (aliens are deemed to be citizens of a single state regardless of the number of foreign countries of which they are nationals.)

3

The Third Circuit has held that complete diversity was absent where an alien was one of several plaintiffs suing an alien defendant because an alien was on both sides of the dispute.[1] *Field v. Volkswagenwerk AG*, 626 F.2d 293, 296 (3rd Cir.1980) ("This requirement [of complete diversity] pertains to suits between aliens as well as to suits between citizens.") The principle applies "to deny jurisdiction in an action by an alien against citizens of a state and another alien." *Id.*; *see also Eze v. Yellow Cab Co. of Alexandria, Va., Inc.*, 782 F.2d 1064, 1065 (D.C.Cir. 1986) ("A diversity suit…may not be maintained in federal court by an alien against a citizen of a state and a citizen of some other foreign country."); *Rivas v. IMA S.R.L.*, 2004 WL 225051, *1 (E.D.Pa. 2004) ("Alienage jurisdiction may not be maintained in federal court by an alien against a citizen of a state and a citizen of another foreign country."); *Cheltonian,* 567 F.Supp. at 421-22 ("Notwithstanding the joinder of a citizen with an alien in an action in which an alien appears on each side, the courts have denied jurisdiction.").

Accordingly, if any alien is a shareholder of SIP, then SIP and IFC are non-diverse because SIP shares the citizenship of each of its shareholders. Whether or not it was alert to the legal implications when it misalleged diversity jurisdiction, IFC was well-aware that Dr. Heinz Schimmelbusch was a shareholder of SIP because his shareholder status is set forth in one of IFC's own principal arbitration exhibits. IFC marketed subscription on behalf of S.I.P. using the Safeguard International Fund, L.P. prospectus, which it presented to the arbitration panel as IFC Exhibit Volume I, Exhibit 27. *See* IFC Exhibit Volume I, Exhibit 27, attached hereto as Exhibit "A." IFC's exhibit sets forth the management of the Safeguard Fund and the ownership of the

---

[1] If diverse American citizens appear on *both* sides, then diversity exists regardless of the joinder of non-diverse aliens on both sides pursuant to a 1948 amendment to the Judicial Code, 28 U.S.C. § 1332(a)(3). The diversity effect of all possible combinations of aliens and citizens is set forth in an opinion from this Circuit explaining why diversity exists in a case with Americans and aliens on both sides, while it does not exist where, as in our case, an American and an alien are on one side and an alien is on the other. *Cheltonian,* 567 F.Supp. at 421-22.

management entity as follows:

> The General Partner of the Fund is SIF Management, L.P., a Delaware limited partnership (the "General Partner") of which Safeguard International Partners, L.L.C. ("the LLC") is the general partner. The limited partnership interests of the General Partner and the equity interests in the LLC are owned by Heinz C. Schimmelbush, Michael R. Holly and Arthur R. Spector (the "Managing Directors") and Safeguard.

*See* Exhibit "A" at IFC 000299. Rolf Schnellmann, the president and sole owner of IFC,

testified that he was familiar with the prospectus, and that it was provided to potential investors.

*See* arbitration testimony of Rolf Schnellmann, November 18, 2003 at 264, attached hereto as

Exhibit "B.".

IFC was also well-aware that Dr. Schimmelbusch was an Austrian citizen. Indeed, Dr.

Schimmelbusch testified in the arbitration hearing that he was born in Vienna and is an Austrian

citizen. *See* arbitration testimony of Dr. Schimmelbusch, December 17, 2003, at page 411,

attached hereto as Exhibit "C." Furthermore, Dr. Schimmelbusch holds an Austrian passport.

*See* copy of Dr. Schimmelbush's current passport, attached hereto as Exhibit "D." Under 28

U.S.C. § 1332(a) "an alien admitted to the United States for permanent residence shall be

deemed a citizen of the State in which such alien is domiciled." Accordingly, diversity would

exist in a suit brought by an alien against a permanently resident alien and a citizen. However,

Dr. Schimmelbusch is not admitted to the United States as a permanent resident. He holds an O-

1 "non-migrant" visa. *See* copy of Dr. Schimmelbush's O-1 visa, attached hereto as Exhibit

"E."

It is, of course, the duty of the proponent of diversity jurisdiction to properly allege it. It

is not impossible that IFC, represented in this Court by five counsel and two law firms, was

ignorant that federal question jurisdiction under the FAA is *never* provided by the FAA itself and

5

that diversity jurisdiction over an LLC is *never* based upon the place of organization of the LLC; and it may have been oblivious to the implication of the facts, well-known to IFC, that Dr. Schimmelbush is both an alien and a shareholder of SIP, L.L.C.  Regrettably, SIP's counsel did not address or dispute the accuracy of IFC's misallegation of jurisdiction when they should.[2]  SIP regrets the inconvenience to this Court arising from that misplaced confidence in IFC's pleadings, the impropriety of which SIP belatedly recognized.  Now that the error by IFC has been recognized, the Order of September 7, 2004 should be vacated as improperly entered without jurisdiction.  *Kontrick v. Ryan,* 540 U.S. 443, 124 S.Ct. 906, 915 (U.S. 2004) (reaffirming that "[a] litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance.")

## II.    In The Alternative, A Stay Should Be Granted Pending Appeal

While it is self-evident that an order issued without jurisdiction should be vacated by the issuing court on motion, or *sua sponte,* without necessity of appeal, if this Court declines to vacate its order of September 7, 2004, it should stay enforcement of the judgment pending appeal pursuant to the FAA, 9 U.S.C. §12 in light of its procedural error.

This Court's order of September 7 rejected Safeguard's argument for abstention under the *Colorado River* doctrine in favor of the prior, pending state court jurisdiction over enforcement of the arbitration agreement between IFC Interconsult, AG and SIP, LLC.  In deciding the *Colorado River* abstention issue, this Court acknowledged that "[t]he issue now before the court is whether it should abstain from deciding the Petition

---

[2] If we had been aware of this defect earlier we would, of course, have raised it when challenging jurisdiction based on the doctrine of abstention.

6

to Confirm Arbitration Award filed by IFC given the pending state court action with jurisdiction over the arbitration." *See* Memorandum at 4.

While this Court had discretion to decide whether to exercise jurisdiction over IFC's petition to confirm an arbitration award under the FAA (assuming that such jurisdiction actually exists, as IFC misalleged in our case), the court erred when it decided to exercise jurisdiction then, immediately, entered judgment in favor of IFC. On the denial of its Rule 12(b) motion, SIP was entitled to answer IFC's petition and defend against the petition on the merits, and to file a petition to vacate or modify under 9 U.S.C. §§ 10, 11 as a mandatory counter-claim. Professor Williston has explained the right to defend against a petition to confirm an award :

> Although an award is like a judgment, it is not as immune from inquiry as a judgment, for it represents only the execution of an agreement of the parties. Thus, it cannot be enforced until translated into the terms of a judgment. In the case of a common-law award, a court must determine whether the award is in law and fact entitled to become the basis of a judgment. Therefore, in addition to asserting the grounds for modification or vacation of an award, a party may claim the award is invalid in defending an action to confirm it.

21 Williston on Contracts § 57:121 (4th ed.) (citations omitted); *Kentucky River Mills v. Jackson*, 206 F.2d 111, 119 (6th Cir. 1953) ("Appellant in the suit upon the award could have raised any defenses which it could have raised under the statutory proceeding for an order directing arbitration to proceed in accordance with the contract, under Section 4 of the Act. Such defenses would include the invalidity of the contract, duress, and fraud in its procurement."); *International Broth. of Elec. Workers, Local Union No. 323 v. Coral Elec. Corp.*, 576 F.Supp. 1128, 1134 (S.D. Fla. 1983) (employers entitled to raise defenses to enforcement of arbitration award, although employers did not file motions to vacate order).

The prejudice to SIP arising from the precipitous entry of judgment is clear.  First, because the merits were not addressed in connection with SIP's abstention motion, this Court seriously misunderstood the facts.  Your Honor's order was premised on the misunderstanding that "[a]lthough IFC raised several hundred million dollars in subscriptions for the Fund, it did not receive any compensation from Safeguard."  In fact, it was undisputed that Safeguard paid all fees earned by IFC in two of three Fund closings, amounting to $3,772,164.00.  The dispute related to $2,267,000.00 in fees that were earned only upon the September 1999 third and final closing.  These were unpaid when Safeguard discovered that IFC had secretly resold a Fund placement for a premium, converting to its own use $5 million that should have gone to the Fund. IFC's president admitted some self-dealing and secret profiting, but IFC disputed the amount of that secret profits and prevailed in arbitration on its argument that it was entitled to unpaid fees of $2,267,000.00 (plus other damages) regardless of any self-dealing.  IFC never disputed that it was paid $3,772,164.00 in fees earned through the first and second closings, as this Court mistakenly assumed.

Second, SIP attached to its abstention motion a copy of its Application to vacate award filed in state court in order to show that there was a pending action in state court to defer to.  SIP did not brief its case for violations of Judge Cohen's order in either court.  For example, the record evidence of the arbitrators' error in ordering SIP to pay George H. Carter's personal legal obligations relating to the arbitration and, indeed, not relating to the arbitration, was never presented to this Court.  Yet that award was clearly improper in light of Judge Cohen's order. Indeed, in state court at least, SIP is entitled to request discovery on this and other matters for which the testimony of Rolf Schnellmann is necessary.

8

Third, in addition to the *ultra vires* disregard of Judge Cohen's order by the arbitrators that SIP raised in its state court action, SIP was also entitled to defend the confirmation petition, in federal court, under the FAA, by arguing the arbitrators' "manifest disregard of law." SIP believes it can show that governing law is clear that no agency fees are due to a disloyal agent that engages in self-dealing or secret-profiting, without express consent. IFC's president admitted by affidavit that he received benefits for undisclosed activities relating to his agency on behalf of SIP, and SIP moved the arbitration panel for summary judgment based upon that admission. The panel denied the motion in manifest disregard of the applicable law. That issue was never addressed by the Court, depriving SIP of its rights to due process. If this Court exercises its jurisdiction (if jurisdiction exists), then it should have permitted SIP to offer all defenses available under the FAA. By granting the petition and entering judgment on the award prior to the expiration of the three-month period in which SIP was entitled to petition to vacate or modify under the FAA, 9 U.S.C. § 12, SIP was deprived of its procedural rights. Moreover, such defensive petitions would be mandatory counter-claims to be set forth in an answer to IFC's petition following the denial of SIP's motion to dismiss. But, SIP had no opportunity to answer the petition following the denial of its motion to dismiss.

Under 9 U.S.C. § 12, for the purposes of a motion to vacate, modify or correct an arbitration award, a court "may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award." Had this Court permitted SIP to answer IFC's petition and to set forth motions to vacate and modify as counterclaims, then SIP would be entitled to request a stay pending the outcome of the litigation. As a practical matter, the stay on enforcement is automatic because the award cannot be entered as a judgment until the defenses against confirmation and the arguments for vacation or modification are decided. Since

9

those issues have not been litigated, and since SIP will file an appeal if its motion to vacate is denied, this Court should now stay any proceedings arising from the premature order entering the award as a judgment pending appeal. It should do so because SIP is entitled to that stay under the FAA, but for the truncation of that litigation, and also because of the likelihood that SIP will succeed on its jurisdictional argument should an appeal be necessary. The stay is, of course, moot if the Court vacates its order for lack of subject matter jurisdiction.

## III. Conclusion

For the reasons set forth above, this Court's Order dated September 7, 2004 should be vacated for lack of jurisdiction. In the alternative, all proceedings based upon the premature order entering the arbitrators' award as a judgment should be stayed pending appeal.

Respectfully submitted,

SPECTOR GADON & ROSEN, P.C.

By: _____
        Paul R. Rosen, Esquire
        Bruce Bellingham, Esquire (BWB2407)
        1635 Market Street, 7th Floor
        Philadelphia, PA 19103
        (215) 241-8872
        Attorneys for Respondent

September 17, 2004

10

# Exhibit "A"

# SAFEGUARD INTERNATIONAL FUND, L.P.

EXHIBIT

IFC Vol 1
Ex. 27

CONFIDENTIAL
PRIVATE PLACEMENT MEMORANDUM

# SAFEGUARD INTERNATIONAL FUND, L.P.
### (A Delaware Limited Partnership)

**$400,000,000**
**Limited Partnership Interests**

*General Partner*

**Safeguard International Partners, L.L.C.**
**800 The Safeguard Building**
**435 Devon Park Drive**
**Wayne, Pennsylvania 19087**
**(610) 293-0600**

**June 1997**

NAME _____
NO.____ 134 _____

IFC   000294

### The General Partner and the Managing Directors

The General Partner of the Fund is SIF Management, L.P., a Delaware limited partnership (the "General Partner") of which Safeguard International Partners, L.L.C. (the "LLC") is the general partner. The limited partner interests in the General Partner and the equity interests in the LLC are owned by Heinz C. Schimmelbusch, Michael R. Holly and Arthur R. Spector (the "Managing Directors") and Safeguard. Decisions with respect to the Fund's investments will be made by an Executive Committee consisting of the Managing Directors and chaired by Warren V. (Pete) Musser, the Chief Executive Officer of Safeguard. The General Partner will be assisted by an Advisory Board consisting of successful professionals and entrepreneurs with significant backgrounds in process industries.

*Heinz C. Schimmelbusch*, who serves on the Board of Directors of Safeguard, is the Chairman, President and CEO of Allied Resource Corporation ("Allied"), which since its inception in 1994 founded or invested in several companies in process industries. Prior to 1994, Mr. Schimmelbusch was Chairman of the Management Board of Metallgesellschaft AG and Chairman of the Supervisory Board of LURGI AG, Germany's leading process engineering firm. He has been the founder and Chairman of the Board of a number of public companies in process industries, including Methanex Corporation, Vancouver; Inmet Corporation, Toronto; and B.U.S Umweltservice AG, Frankfurt, Germany, which currently have a combined market capitalization in excess of $1 billion.

*Michael R. Holly* is a senior executive with over twenty-nine years of combined experience in the areas of finance, operations, marketing and strategic planning. During his career as a practicing CPA, consultant and practice leader for Price Waterhouse and Coopers & Lybrand, he counseled clients in a variety of industries on complex financial matters. In addition, for ten years Mr. Holly was the Chief Operating and Chief Financial Officer of a national professional services organization with annual revenues exceeding $100 million. Mr. Holly has advised a variety of companies on acquisition transactions and since 1994 has worked closely with Mr. Spector, Mr. Schimmelbusch and Safeguard on acquisitions and financing transactions. Mr. Holly currently serves as Executive Vice President and Chief Financial Officer of Puralube, Inc. ("Puralube"), a co-investment by Safeguard and Allied, which is commercializing a technology on a worldwide basis (for which it owns exclusive rights) that re-refines used oil into base lube oils of the highest quality.

*Arthur R. Spector*, who is also involved in the management of TL Ventures III L.P. ("TL III"), a venture capital fund affiliated with Safeguard, is a Special Managing Director of the Fund. Mr. Spector has enjoyed a distinguished thirty-year business career and for the past three years has served as the Director of Acquisitions of Safeguard. Mr. Spector has sourced and completed five significant acquisitions for Safeguard. In addition, Mr. Spector currently serves as Chairman of the Board of USDATA, which develops software applications tools for process industry customers, and of HDS Network Systems, Inc. ("HDS"), which develops and markets network computers.

*Safeguard Scientifics, Inc.* (NYSE: SFE), based near Philadelphia, is highly regarded for its venture development and technology management skills. Although Safeguard has concentrated principally on the information technology industry since the early 1980s, it has a history of investment in process industries and has recently made four new investments in process industries related companies, which were made in association with the Managing Directors. For the ten, five and two years ended December 31, 1996, the IRR for Safeguard shareholders was 32%, 74%, and 134%, respectively. Safeguard is expected to provide not only investment opportunities but also strategic, technical, and administrative support, as it does with its affiliated venture capital funds. Safeguard maintains a substantial in-house merger and acquisition, managerial, human resources, legal and financial support staff which it makes

2

IFC    000299

# Exhibit "B"

IN ARBITRATION
AMERICAN ARBITRATION ASSOCIATION
-   -   -


IFC INTERCONSULT AG,
                              Claimant
            and

SAFEGUARD INTERNATIONAL PARTNERS, LLC,
                              Respondent

-   -   -

NO. 50 T 199 0041802

-   -   -

Tuesday, November 18, 2003
Day 1

-   -   -


        Arbitration held in the offices of THE
AMERICAN ARBITRATION ASSOCIATION, 230 South Broad

Street, Philadelphia, Pennsylvania, commencing at

9:23 a.m., on the above date before Lori A.

Gallagher, Registered Professional Reporter and

Notary Public.



-   -   -
BRUSILOW & ASSOCIATES
COURT REPORTERS and VIDEOGRAPHERS
CMS Building
1926 Arch Street, First Floor West
Philadelphia, Pennsylvania  19103
(215) 977-9700

264

1              understand your point.

2                      MR. ROSEN:  It's the same

3              commitment, only it's done through

4              different people.

5                      MR. ARMSTRONG:  I understand.

6              Point taken.

7                      MR. ROSEN:  Let's move on.

8      BY MR. ROSEN:

9              Q.      Now, I would like to show you -- would

10     you please turn to IFC volume 1, Exhibit-27, IFC

11     volume 1, Exhibit-27?  It should be an offering

12     memorandum.

13                     MR. MANN:  293.

14                     MR. ROSEN:  Yes, Bates-stamped 293

15             through 323.  Page 26.

16     BY MR. ROSEN:

17             Q.      Now, Mr. Schnellman, you recognize

18     that this is one of the prospectuses or offering

19     memorandum that was supplied to potential investors

20     in the fund?

21             A.      Correct.

22             Q.      And let's go through it for a moment.

23     If you will go to page 8 of this prospectus --

24                     MR. MANN:  Bates-stamp?

# Exhibit "C"

253

AMERICAN ARBITRATION ASSOCIATION

------

IFC INTERCONSULT AG,
                    Claimant

        and

SAFEGUARD INTERNATIONAL PARTNERS, LLC,
                    Respondent

------

Wednesday, December 17, 2003

------

        Arbitration hearing held at the offices of

THE AMERICAN ARBITRATION ASSOCIATION, 230 South Broad

Street, Philadselphia, Pennsylvania, beginning at

10:00 a.m., on the above date, before LANCE A.

BRUSILOW, Registered Professional Reporter and

Approved Reporter for the Commonwealth of

Pennsylvania.

------

BRUSILOW & ASSOCIATES
COURT REPORTERS AND VIDEOGRAPHERS
1926 Arch Street, First Floor West
Philadelphia, Pa. 19103-1404
215.977.9700
www.brusilow.com

------

411

```
 1          A.        I was born in Vienna in 1944, an

 2     Austrian citizen.  I was educated in Austria and in

 3     Germany.  I attended the University of Tubingen in

 4     Germany, got a degree in economics, graduate degree

 5     in economics, a Ph.D. in economics; was a member of

 6     the economics faculty of the university as what you

 7     would call an assistant professor in this country,

 8     was teaching theoretical economics, then decided to

 9     join industry; went to school for extensive training,

10     which included a year with KPMG Investment Banking,

11     training with Morgan Stanley in New York and Goldman

12     Sacks in New York and with a chemical firm, Dupont,

13     in Wilmington, Delaware.  That took -- was a

14     self-constructed business school and took about two

15     and a half years.

16                    I joined Mettalurg of the major German

17     industrial conglomerate in '73, became head of North

18     American operations of that firm in 1979, joined the

19     main executive board of the group in '81, became

20     vice-chairman of this committee in '88 or '89 --

21                    MR. ARMSTRONG:  I'm sorry, what

22              company was that?

23                    THE WITNESS:  That's the executive

24              committee.  German companies are running
```

# Exhibit "D"

11. PERSONSBESCHREIBUNG/SIGNALEMENT/DESCRIPTION OF BEARER

| Größe Taille Height | **180** cm | Farbe der Augen Couleur des yeux Colour of eyes | **GRAU** |
|---|---|---|---|

| 12. Besondere Kennzeichen Signes particuliers/Distinguishing marks **KEINE** | 13. Unterschrift des Paßinhabers Signature du titulaire/Holder's signature |
|---|---|

14. Kinder/Enfants/Children.

| Name (1) und Vorname (2) Nom et prénom Surname and given name | Geburtsdatum (5) Date de naissance Date of birth | Geschlecht (3) Sexe Sex |
|---|---|---|
| | | |

Typ/Type/Type **P**   Kode/Code/Code **AUT**   Paß-Nr./Passport N°/Passport No

1. Name/Nom/Surname

**DR. SCHIMMELBUSCH**

2. Vorname/Prénom/Given name   **HEINZ**

3. Geschlecht/Sexe/Sex   **M**

4. Staatsangehörigkeit/Nationalité/Nationality   **ÖSTERREICH**

5. Geburtsdatum/Date de naissance/Date of birth   **15.07.1944**

6. Geburtsort/Lieu de naissance/Place of birth   **WIEN**

7. Wohnort/Domicile/Residence   **KITZBÜHEL**

8. Ausstellungsdatum/Date de délivrance/Date of issue   **12.01.2004**

9. Gültig bis/Date d'expiration/Date of expiry   **11.01.2014**

10. Behörde/Autorité/Authority   **MAGISTRAT DER STADT WIEN MBA F. D. 1./8. BEZ.**   DVR 0000191

GEBÜHR ENTRICHTET

P<AUTSCHIMMELBUSCH<<HEINZ<<<<<<<<<<<<<<<<<<
J0620503<7AUT4407157M1401110<<<<<<<<<<<<<<<0

# Exhibit "E"

U.S. Department of Justice
Immigration and Naturalization Service

## Notice of Action

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER EAC-04-084-52678 | | CASE TYPE I129 PETITION FOR A NONIMMIGRANT WORKER |
| --- | --- | --- |
| RECEIPT DATE February 2, 2004 | PRIORITY DATE | PETITIONER SAFEGUARD INTERNATIONAL FUND L P |
| NOTICE DATE February 9, 2004 | PAGE 1 of 1 | |

| | |
| --- | --- |
| PARISA KARAAHMET FRAGOMEN DEL REY BERNSEN & LOEWY P C 515 MADISON AVE NEW YORK NY 10022 | Notice Type:  Approval Notice Class: O1 Valid from 02/09/2004 to 02/09/2005 |

The above petition has been approved, and cable notification has been sent to the listed consulate. You may also send the tear-off bottom part of this notice to the worker(s) to show the approval. Please contact the consulate with any questions about visa issuance. THIS FORM IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA.

Petition approval does not authorize employment. When the workers are granted status based on this petition they can then work for the petitioner, but only as detailed in the petition and for the period authorized. Please contact the IRS with any questions about tax withholding.

If circumstances change, the petitioner can file Form I-824 to have us notify another consulate of this approval. If any of the workers are already in the U.S. the petitioner can file a new Form I-129 to seek to change or extend their status based on this petition. Changes in employment also require a new petition. Include a copy of this notice with any other required documentation.

Number of workers: 1

| Name | DOB | COB | Class Consulate or POE | OCC Code |
| --- | --- | --- | --- | --- |
| SCHIMMELBUSCH, HEINZ CHRISTIAN | 07/15/1944 | AUSTRIA | O1 FRANKFURT | 010 |

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
**Customer Service Telephone: (800) 375-5283**
Form I797B (Rev. 09/07/93)N

Please tear off portion below and forward it to the alien worker.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The alien may use this portion when applying for a visa at an American consulate abroad, or if no visa is required, when applying for admission to the U.S.

Receipt#: EAC-04-084-52678
Notice Date: February 9, 2004
Petition Validity Dates: 02/09/2004 through 02/09/2005

Case Type: I129
Petitioner: SAFEGUARD INTERNATIONAL FUND L P
Number of Workers: 1

| Name | DOB | COB | Class Consulate or POE | OCC Code |
| --- | --- | --- | --- | --- |
| SCHIMMELBUSCH, HEINZ CHRISTIAN | 07/15/1944 | AUSTRIA | O1 FRANKFURT | 010 |

## CERTIFICATE OF SERVICE

I, Bruce Bellingham, Esquire, hereby certify that I caused a true and correct copy of the foregoing Motion for Extension of Time to be served this September 17, 2004, upon the following:

**BY HAND DELIVERY AND REGULAR MAIL:**
Peter Vaira, Esquire
William J. Murray, Jr., Esquire
Vaira & Riley, P.C.
1600 Market Street, Suite 2650
Philadelphia, PA 19103

**BY REGULAR MAIL:**
James D. Zirin, Esquire
Sidley Austin Brown & Wood, LLP
787  7th Avenue
New York, NY  10019

Bruce Bellingham

12