UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In the Matter of the Arbitration Between :
:
IFC INTERCONSULT, AG, :
:
      Petitioner, :
:
  - and - :  Misc. Action, File No. 04MC107
:
SAFEGUARD INTERNATIONAL :
PARTNERS, LLC, :
:
      Respondent. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PETITIONER'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO STRIKE JUDGMENT OR FOR STAY OF ENFORCEMENT PENDING APPEAL**

Petitioner IFC Interconsult, AG ("IFC" or "Petitioner") submits this Memorandum of Law and the accompanying affidavit of James D. Zirin, Esq., sworn to October 1, 2004, ("Zirin Aff.") in opposition to the Motion to Strike Judgment for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 60(b), or in the Alternative, Motion to Stay Pending Appeal Pursuant to U.S.C. [*sic*] § 12 (the "Motion to Strike"), filed by Respondent Safeguard International Partners, LLC ("Safeguard" or "Respondent") on September 17, 2004.

**PRELIMINARY STATEMENT**

Following the entry of a final judgement in this case, Safeguard brings this Motion to Strike based on two legal theories – one that seeks relief for Safeguard's own failure to adhere to the procedure set forth by the Federal Arbitration Act ("FAA") and another that Safeguard raises now for the first time. Neither argument has any merit, and the Motion to Strike should be denied.

First, Safeguard argues that the Court denied Safeguard its "procedural rights" by addressing the merits of IFC's Petition to Confirm the Arbitration Award (the "Petition"), when Safeguard submitted a Rule 12(b)(6) Motion to Dismiss the Petition (the "Motion to Dismiss") but did not answer the Petition. As IFC demonstrated in its Reply Memorandum of Law in Further Support of the Petition ("Reply Mem."), however, a petition to confirm an arbitration award, filed pursuant to the FAA is not a pleading subject to the requirements of Rule 12(b). As such, Rule 12(b) does not apply to such petitions. Safeguard had ample opportunity to respond to the merits of the Petition, but chose instead to move to dismiss. Safeguard did so at its own peril, and now must live with the consequences of its procedural misstep. In addition, Safeguard seeks a stay of enforcement of the judgment pending appeal if the Court denies its Motion to Strike, but Safeguard has failed to make the requisite showing for a stay of enforcement, and the request for a stay should therefore be denied.

Second, Safeguard argues for the first time that the Court lacks jurisdiction over the subject matter of the Petition. In the two-year history of this dispute, Safeguard had invoked the jurisdiction of this Court based on diversity of citizenship, admitted that there was diversity between the parties at least twice, and never once (until the present motion) disputed IFC's repeated assertions of diversity jurisdiction. As a result, in its September 5, 2004 Memorandum opinion ("Sept. 5th Mem.") at 3, the Court found that it had "jurisdiction pursuant to 28 U.S.C. § 1332." In any event, Safeguard has failed to provide sufficient evidence on the Motion to Strike to support its contention that diversity judgment was lacking.

For the reasons discussed below and in the accompanying Zirin Affidavit, the Motion to Strike should be denied.

**ARGUMENT**

I. **THIS COURT SHOULD NOT STAY ENFORCEMENT OF THE JUDGMENT BECAUSE SAFEGUARD HAD A FULL OPPORTUNITY TO RESPOND TO THE PETITION ON THE MERITS**

Safeguard complains that it was "deprived its procedural rights" because it "had no opportunity to answer the petition." (Motion to Strike at 9.) On the contrary, Safeguard had ample opportunity to oppose the Petition on the merits. Indeed, Safeguard even received additional time to submit its opposition. But Safeguard responded by filing a motion to dismiss the Petition, rather than answering the Petition. The Court nonetheless considered the arguments and objections to the arbitration award that Safeguard raised in the Motion to Dismiss, but denied the motion and confirmed the award. In any event, a stay is not warranted here because Safeguard has failed to satisfy the requirements for a stay.

A. **The Court Properly Reached The Merits Of The Petition.**

<u>First</u>, as IFC demonstrated in its Reply Memorandum of Law in Further Support of the Petition, a petition to confirm an arbitration award is not subject to Rule 12(b), and a party properly cannot move to dismiss a petition to confirm. <u>See</u> Reply Mem. at 2 n.2 (citing <u>Productos Mercantiles E Industriales, S.A. v. Faberge USA, Inc.</u>, 23 F.3d 41, 46 (2d Cir. 1994)). In <u>Productos Mercantiles</u>, the Second Circuit affirmed the district court's denial of a Rule 12(b)(6) motion to dismiss a petition to confirm an arbitration award. As the Second Circuit explained, because "[t]he court properly treated [plaintiff's] petition as a motion in accordance with the express provision of the FAA[,] . . . the court was not required to comply with the pleading requirements of Fed. R. Civ. P. 12(b)." <u>Id.</u> at 46. Although, in this case, Safeguard had every opportunity to oppose the Petition on the merits, Safeguard instead proceeded improperly by filing a motion under Rule 12(b), which does not apply to the Petition. By doing so, Safeguard misused its opportunity to oppose the Petition.

3

<u>Second</u>, the Court properly granted the Petition to Confirm, even in the absence of an Answer by Safeguard. Safeguard complains that it "had no opportunity to answer the petition following the denial of its motion to dismiss," (Motion to Strike at 9), but in fact, Safeguard <u>did</u> set forth its objections to the arbitration award and the reasons for its opposition to the Petition, (Motion to Dismiss at 5-8). The Court considered Safeguard's arguments, <u>see</u> Sept. 5th Mem. at 4 ("Safeguard claims that the Award is invalid because of Carter's and CFC's involvement in the arbitration"), but rejected them and confirmed the Petition, <u>see</u> <u>id.</u> at 7 ("[t]he court . . . finds that the arbitration was conducted within the rules established by the AAA and with no apparent objection by either party during the proceedings").

Despite the Court's consideration of Respondent's arguments, Safeguard now asserts that the Court improperly reached the merits of the Petition in the absence of an answer by Safeguard. In similar situations, courts that have considered this very argument have rejected it and nonetheless approved such action. As in this case, the court in <u>Productos Mercantiles</u> faced a petition to confirm an arbitration award and a motion to dismiss that petition pursuant to Rule 12(b)(6). The district court addressed the merits of – and ultimately granted – the petition to confirm, even though defendants submitted only a motion to dismiss and no answer on the merits. <u>Id.</u> at 43. In response to defendants-appellants' argument that "the court erred in reaching the merits of [the] petition," the Second Circuit held that "the court properly decided the merits based solely on the papers submitted by the parties in support of their motions." <u>Id.</u> at 46 (citing <u>Legion Ins. Co. v. Insurance Gen. Agency, Inc.</u>, 822 F.2d 541, 541-43 (5th Cir. 1987)).

Safeguard had ample opportunity to respond to the Petition on the merits. It was never once "deprived" of its rights to submit an answer; on the contrary, the Court gave Safeguard additional time to respond to the allegations in the Petition and in fact considered –

4

and rejected – Safeguard's arguments in opposition to the Petition raised in the Motion to Dismiss. Safeguard should not be permitted now to disturb the final judgment issued by this Court simply because it is dissatisfied with the result.

### B. A Stay Is Not Warranted In This Case.

Safeguard moves for a stay of "enforcement of the judgment pending appeal," (Motion to Strike at 6), which is governed by Fed. R. Civ. P. Rule 62(b). But, curiously, Safeguard purports to move for the stay pursuant to the FAA, 9 U.S.C. § 12, which provides that when presented with a motion to modify or vacate an arbitration award, a judge may stay proceedings of the adverse party seeking to enforce the same award. Whether Safeguard seeks a stay under the FAA or Rule 62(b), a stay is not appropriate in this case.

Safeguard is not entitled to a stay pursuant to 9 U.S.C. § 12 because, as the statute expressly provides, such a stay is only permissible where a party files a "[n]otice of a motion to vacate, modify, or correct an award" and the order of a stay is served with the notice of motion. As discussed above, Safeguard chose to file a petition to vacate in state court, rather than directly moving in <u>this</u> Court to modify or vacate the award. Safeguard should not be permitted to disturb the finality of the judgment merely to avoid the consequences of Safeguard's own procedural imprudence.

Safeguard's request for a stay pending appeal pursuant to Rule 62(b) likewise should be denied. The standard for a stay of enforcement pending an appeal is clear. In determining whether a defendant is entitled to a stay, the Court must consider: "(1) whether the Defendants have made a strong showing that they are likely to succeed on the merits; (2) whether Defendants will be irreparably harmed absent a stay; (3) whether issuance of the stay will substantially injure the Plaintiff; . . . (4) what the public interest urges . . . [and] (5) [whether there is] proper security for the rights of the adverse party such as the posting of a supersedeas

bond or other arrangements." I.F.S. of New Jersey, Inc. v. Mathesz, No. Civ. A. 97-CV-7517, 1998 WL 966029 at *2 (E.D.Pa. Nov. 18, 1998), aff'd, 193 F.3d 514 (3d Cir. 1999).  Safeguard does not even purport to satisfy these criteria, and in any event would be unable to demonstrate that it is entitled to a stay under this standard.  In addition, Safeguard has not offered to post a bond pending appeal, as provided in Fed. R. Civ. P. 62(d), in order to protect IFC's ability to ultimately enforce the judgment.  Accordingly, Safeguard's request for a stay pending appeal should be denied.

**II.     SAFEGUARD HAS FAILED TO MAKE AN ADEQUATE SHOWING THAT THE COURT LACKS SUBJECT MATTER JURISDICTION**

A Rule 60 motion to grant relief from a final judgment is left to the Court's sound discretion.  See Patterson v. F.B.I., 893 F.2d 595, 605 (3d Cir.), cert. denied, 498 U.S. 812 (1990).  Moreover, where, as here, the "district court has proceeded to final judgment, 'considerations of finality, efficiency, and economy become overwhelming,' . . . and federal courts must salvage jurisdiction where possible." United Republic Ins. Co. v. Chase Manhattan Bank, 315 F.3d 168, 170 (2d Cir. 2003) (citation omitted).  Safeguard has failed to provide the Court with a sufficient basis for exercising its discretion to grant the Motion to Strike and disturb the finality of the judgment.

IFC alleged in the Petition – and Safeguard did not dispute – that diversity jurisdiction exists in this case because Safeguard is a United States limited liability corporation with its principal place of business in Wayne, Pennsylvania, while IFC is organized under the laws of Switzerland and has its principal place of business in Steinem, Switzerland.  See Petition at ¶¶ 1-2.  Safeguard never once – until its Motion to Strike – disputed this assertion of jurisdiction.  In fact, as recently as its Motion to Dismiss (filed July 23, 2004), Safeguard

conceded that this Court has subject matter jurisdiction over the Petition.[1]  See Motion to Dismiss at 10 n.5 ("SIP . . . does not contest this Court's subject matter jurisdiction").  As a result, the Court found that it had jurisdiction pursuant to 28 U.S.C. § 1332.  See Sept. 5th Mem. at 3.  Safeguard conceded jurisdiction and never disputed IFC's characterization of Safeguard's citizenship or the basis for jurisdiction.  Moreover, this Court found that diversity jurisdiction exists, and almost four months have elapsed since IFC first filed this action.  Accordingly, even assuming, *arguendo*, that it is correct, Safeguard will have been successful in only one respect – it will have wasted everyone's time and effort.

Moreover, Safeguard has failed to submit sufficient evidence to support its assertion that the Court lacks jurisdiction.  In its Motion to Strike, Safeguard contends – in a legal brief without an affidavit or sworn testimony – that its "principal," Heinz C. Schimmelbusch, "is an alien" (Motion to Strike at 1), that Schimmelbusch "is an Austrian citizen" (id. at 5), and that "Dr. Schimmelbusch is not admitted to the United States as a permanent resident" (id.).[2]  Safeguard's attempt to allege jurisdictional facts in a brief without supporting affidavit, however, is insufficient absent an affidavit from Schimmelbusch or some other reliable documentary evidence relevant to the key jurisdictional issues, which are in Safeguard's exclusive knowledge.  See, e.g., Holman v. Carpenter Tech. Corp., 484 F. Supp. 406, 409 (E.D. Pa. 1980) (support for a motion to dismiss for lack of diversity jurisdiction "may be derived from affidavits, depositions, and sworn documents . . . from which the Court can examine and evaluate all relevant factors and surrounding circumstances").

---

[1] Safeguard likewise acknowledged that its first suit against IFC (No. 02-07531), filed in this Court seeking a declaratory judgment, "was dismissed on October 1, 2002 for lack of diversity between [Safeguard] and the Fund, on the one hand, and CFC on the other.  All three are organized in Delaware."  Motion to Dismiss at 2 (emphasis added).

[2] The Third Circuit has held that a permanent resident alien is a citizen of the United States fore diversity purposes.  See Singh v. Daimler-Benz AG, 9 F.3d 303, 305 (3d Cir. 1993).  Safeguard does not address the citizenship of its principals other than Schimmelbusch, if there are any. Presumably, they are all Americans.

Indeed, as shown in the Zirin affidavit, submitted herewith, there is evidence that Schimmelbusch has many of the indicia of permanent residence. (See Zirin Aff. ¶ 9, n.1 and Exh. 4.) He has lived and worked in the United States for over a decade, has a social security number, and has even brought suit in the United States courts. (See id.)

Safeguard has not submitted any sworn statement to support its allegation that the Court lacks jurisdiction due to Safeguard's citizenship. Safeguard's assertions, made in a brief by attorneys who likely lack first-hand knowledge of the facts alleged, should be rejected unless and until Safeguard, through its principals, comes forward with some sworn factual support. Under the circumstances, the Motion to Strike is deficient and should be denied. In the alternative, Safeguard should be ordered to set forth under oath sufficient information to determine Safeguard's citizenship, including identification of its members and their citizenship, as of June 9, 2004, when the Petition was filed, and September 7, 2004 when judgment was entered, as well as Schimmelbusch's citizenship, including whether he was a citizen of the United States, or a dual citizen of the United States and Austria, or a permanent resident of the United States, where he had lived for over a decade on the above two dates.

Because Safeguard now argues that the Court lacks subject matter jurisdiction over the Petition, Safeguard must establish its claim by affidavit or other sworn testimony that, at the relevant times, the suit was between aliens. See Holman, 484 F. Supp. at 409. Absent an affidavit from Schimmelbusch, the Court has no basis on the factual record but to conclude that Safeguard is a U.S. citizen, and that diversity jurisdiction exists in this case.

## **CONCLUSION**

For the foregoing reasons, Petitioner respectfully requests that this Court deny Safeguard's Motion to Strike.

Dated: Philadelphia, Pennsylvania
October 1, 2004

**VAIRA & RILEY, P.C.**

_____
Peter F. Vaira (PA 17042) (pfv262)
William J. Murray, Jr. (PA 73917) (wm409)
1600 Market Street, Suite 2650
Philadelphia, Pennsylvania  19103
(215) 751-2700

Of Counsel:
James D. Zirin (admitted *pro hac vice*)
Benjamin R. Nagin (admitted *pro hac vice*)
Catherine B. Winter (admitted *pro hac vice*)
**SIDLEY AUSTIN BROWN & WOOD LLP**
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Attorneys for Petitioner IFC Interconsult, AG

**CERTIFICATE OF SERVICE**

      I, William J. Murray, Jr. hereby certify that on October 1, 2004, a true and correct copy of Petitioner's Memorandum of Law In Opposition to the Motion to Strike Judgment or For Stay of Enforcement Pending Appeal was served through the Electronic Case Files System upon the following:

Paul R. Rosen, Esquire
Bruce Bellingham, Esquire
Spector Gadon & Rosen PC
1635 Market Street, 7th Floor
Philadelphia, PA  19103


_____
William J. Murray, Jr.
(wm409)

10