IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IFC INTERCONSULT, AG, | : |
|                 *Plaintiff,* | : |
| v. | :  Miscellaneous Action |
| | :  No. 2:04-MC-00107-MK |
| SAFEGUARD INTERNATIONAL PARTNERS, LLC | : |
|                 *Defendant.* | : |

## ORDER

Upon consideration of Defendant's Motion To Reconsider the Court's Order Denying Defendant's Motion to Vacate for want of subject matter jurisdiction, and any response thereto, it is hereby

ORDERED that the Motion to Vacate is GRANTED and the Petition to Confirm Arbitration Award is DISMISSED.

ENTERED this _____ day of _____, 2004.


_____
Marvin Katz, United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IFC INTERCONSULT, AG, | : |
| *Plaintiff,* | : |
| v. | : Miscellaneous Action |
| | : No. 2:04-MC-00107-MK |
| SAFEGUARD INTERNATIONAL PARTNERS, LLC | : |
| *Defendant.* | : |

## DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant, Safeguard International Partners, LLC, moves the Court to reconsider its Order of October 4, 2004, denying Defendant's motion to strike judgment for want of subject matter jurisdiction.

In support of its motion, SIP relies upon the accompanying affidavit and memorandum of law.

                                        Respectfully submitted,

                                        SPECTOR GADON & ROSEN, P.C.

                                        By:_____(BWB2407)
                                        Paul R. Rosen, Esquire
                                        Bruce Bellingham, Esquire
                                        1635 Market Street, 7th Floor
                                        Philadelphia, PA 19103
                                        (215) 241-8872

October 7, 2004                          Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IFC INTERCONSULT, AG,

      *Plaintiff,*

v.

SAFEGUARD INTERNATIONAL
PARTNERS, LLC

      *Defendant.*

: Miscellaneous Action
: No. 2:04-MC-00107-MK

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant, Safeguard International Partners, LLC ("SIP"), moves the Court for an Order vacating its October 4, 2004 order denying Defendant's motion to vacate judgment for want of subject matter jurisdiction. Defendant moved to vacate, *inter alia*, because there is no subject matter jurisdiction. No federal issue is involved, and there is no diversity of citizenship when a foreign citizen sues a limited liability corporation one of whose shareholders is a foreign citizen who has not been admitted to permanent resident status in the United States. The plaintiff, IFC Interconsult, AG ("IFC"), did not deny that, if Heinz Schimmelbusch is not a citizen of the United States or a permanent resident of the United States, then there is no diversity jurisdiction. Rather, it offered various renditions of the argument that SIP should be found to have waived its objection to federal jurisdiction if that objection was waivable (which, to its credit, IFC did not contend). It also argued, mistakenly, that the party denying diversity jurisdiction bears the burden of proof, or that the burden shifts to them at some point, and that SIP defaulted upon that burden by failing to attach an affidavit from the foreign shareholder (though it did attach sworn arbitration testimony, a foreign passport and a current 0-1

non-migrant visa). As the Court issued no written opinion to support its order finding (apparently) that diversity exists, it is not clear what considerations informed the Court's decision.

I.   **IFC Had The Burden To Prove Complete Diversity.**

In this motion for reconsideration, the defendant will not repeat its arguments that lack of subject matter jurisdiction is a non-waivable defense, and that the requisite complete diversity is absent when an alien plaintiff sues an unincorporated entity, including an LLC, one of whose shareholders is also an alien. Those legal conclusions are beyond respectable dispute and, despite noises of unhappiness, IFC did not deny them. The Court's decision was, presumably, not based upon those questions. Accordingly, this motion urges reconsideration of IFC's colorable -- but mistaken -- argument that SIP failed to meet its burden to disprove diversity jurisdiction. SIP had no such burden and the "test" of minimal evidentiary sufficiency that IFC advocated is fallacious and, if it was valid, it would apply only to the proponent of diversity jurisdiction.

"[T]he presumption in every stage of a cause [is] ... that it is without the jurisdiction of a [federal] court." *McSparran v. Weist,* 402 F.2d 867, 876 (3d Cir.1968). The party invoking the diversity jurisdiction of a federal court, generally the plaintiff, has the burden of proving jurisdiction under 28 USCA § 1332. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 179 (1936). As the Third Circuit has held, the party invoking federal jurisdiction has the burden of proving the facts necessary to establish the presence of diversity jurisdiction by a preponderance of the evidence. *Boyer v. Snap-On-Tools,* 913 F.2d 108, 111 (3d Cir.1990). This burden may never be shifted to the

challenging party. *Liakakos v. CIGNA Corp.*, 704 F.Supp. 583, 586 (E.D.Pa. 1988) ("The burden of persuasion as to diversity jurisdiction remains at all times on the proponent of jurisdiction.")

The party challenging jurisdiction has only the burden of production. That means that the opponent of jurisdiction must come forward with some evidence. As an Eastern District court explained in the context of a challenge to diversity based on changed domicile:

> Once the attacker comes forward with evidence that the domicile has changed, the burden of production shifts back to the party asserting jurisdiction. That party has the burden of persuasion throughout to establish by a preponderance of evidence that the claimed diverse domicile has not been changed.

*Liakakos,* 704 F.Supp. at 586. If plaintiff does construct a prima facie showing of diversity, "defendant must overcome or rebut this showing in order to dismiss the complaint." *Holman v. Carpenter Technology Corp.*, 484 F.Supp. 406, 409 (E.D.Pa. 1980).

## II.   IFC Did Not Make A Prima Facie Showing Of Complete Diversity And, If It Had, SIP More Than Satisfied Its Burden Of Production.

In our case, the plaintiff has not made a prima facie showing because its petition did not allege that it was diverse with every shareholder of the respondent LLC. On the contrary, it alleged only that it was diverse with the LLC's place of organization *Trowbridge v. Dimitri's 50's Diner, LLC,* 208 F. Supp. 2d 908, 910 (N.D. Ill. 2002) ("it has been clear for more than four years that the place of organization and principal place of business of a limited liability company are irrelevant."). The obligation to plead diversity with every member of an unincorporated entity applies even where the plaintiff has little ability to discover

those individuals. In the analogous case of an alleged diversity action against a Lloyd's syndicate, a court of this Circuit has explained that "plaintiffs must have pled the citizenship of each Name participating in the North River reinsurance contracts…" *Lowsley-Williams v. North River Insurance Company,* 884 F.Supp. 166, 173 (D. N.J. 1995).

Even if IFC had made a prima facie showing of its complete diversity with an LLC, and the burden of production had shifted to SIP, SIP satisfied that burden by attaching a transcript of Mr. Schimmelbush's sworn testimony, his foreign passport, and a copy of his current 0-1 visa. SIP clearly brought forward some evidence of non-diversity. Indeed, it proved non-diversity even though that was not its burden.

<u>IFC may have successfully misled the Court to believe that an opponent (or, for that matter, proponent) of diversity must submit evidence *by affidavit*. That is untrue</u>. The law permits either party, but principally the proponent of complete diversity, to offer evidence outside the pleadings, including affidavits, in order to either raise a genuine issue as to whether the parties share citizenship (for the opponent) or to prove by a preponderance of evidence that they are diverse (for the proponent). Support for a party's position may be derived from affidavits, depositions and sworn documents filed by the parties from which the Court can examine and evaluate all relevant factors and surrounding circumstances. However, "the exact method of determining the jurisdictional issue lies within the sound discretion of the district court." *Id* ; . *Tanzymore v. Bethlehem Steel Corp.*, 457 F.2d 1320, 1323 (3d Cir. 1972). The courts do not *require* affidavits and, if they did, that requirement would affect only the proponent of jurisdiction, who always bears the burden of proof.

Nonetheless, if this Court is convinced that the burden of proof shifted to SIP, and that it cannot satisfy that burden without an affidavit from its alien shareholder, such affidavit is attached hereto as Exhibit "A."

**III.    Conclusion**

Unless the Court is convinced that there is in fact complete diversity, and that IFC has proven complete diversity, then failure to reconsider will simply cause delay pending appeal at the conclusion of which the case will be returned to the state court where it began and where it belongs.   IFC has not even made the necessary argument, and appears to have opposed SIP's motion for the exercise.

                                        Respectfully submitted,

                                        SPECTOR GADON & ROSEN, P.C.

                                        By: _____
                                            Paul R. Rosen, Esquire
                                        Bruce Bellingham, Esquire
                                        (BWB2407)
                                        1635 Market Street, 7th Floor
                                        Philadelphia, PA 19103
                                        (215) 241-8872

October 7, 2004                          Attorneys for Respondent

## CERTIFICATE OF SERVICE

        I, Bruce Bellingham, Esquire, hereby certify that I caused a true and correct copy of the foregoing Motion to Dismiss to be served this October 7, 2004, upon the following by regular mail:

Peter Vaira, Esquire
William J. Murray, Jr., Esquire
Vaira & Riley, P.C.
1600 Market Street, Suite 2650
Philadelphia, PA 19103

James D. Zirin, Esquire
Sidley Austin Brown & Wood, LLP
787 7th Avenue
New York, NY 10019

_____
Bruce Bellingham

# Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IFC INTERCONSULT, AG,

      *Plaintiff,*

v.                                            Miscellaneous Action
                                             No. 2:04-MC-00107-MK

SAFEGUARD INTERNATIONAL
PARTNERS, LLC

      *Defendant.*

## AFFIDAVIT OF HEINZ CHRISTIAN SCHIMMELBUSCH

HEINZ CHRISTIAN SCHIMMELBUSCH, being duly sworn, deposes and says:

1. I am, and have always been, a citizen of Austria.

2. I travel on an Austrian passport, a true copy of which was attached, as Exhibit "D," to SIP, LLC's Motion To Strike Judgment For Lack Of Subject Matter Jurisdiction Pursuant To Fed. R. Civ. P. 60(B).

3. I am not now, and have never been, a citizen of the United States of America.

4. I am not now, and have never been, a permanent resident of the United States of America.

5. I am admitted to the United States and presently live in Pennsylvania on a non-migrant visa pursuant to a U.S. Department of Justice, Immigration and Naturalization Service Notice Approving my Class O-1 visa application, dated February 9, 2004, a true copy of which was attached as Exhibit "E" to SIP, LLC's Motion To Strike Judgment For Lack Of Subject Matter Jurisdiction Pursuant To Fed. R. Civ. P. 60(B).

6. My Class O-1 immigration status was in effect on June 9, 2004, when the above-captioned case was filed in the United States District Court of the Eastern District of Pennsylvania.

                                                   _____
                                                   Heinz Christian Schimmelbusch

*Jhan K. Gaster*
*Oct 5, 2004*

**COMMONWEALTH OF PENNSYLVANIA**
Notarial Seal
Jhan K. Gaster, Notary Public
Tredyffrin Twp., Chester County
My Commission Expires Jan. 26, 2008

Member, Pennsylvania Association Of Notaries